## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MASSIMO MOTOR SPORTS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No._____ |
| v. | § § | |
| SHANDONG ODES INDUSTRY CO., LTD., ODES USA INC., LIL PICK UP, INC., SMG DISTRIBUTION & ASSOCIATES INC., 14078 MERIDIAN PARKWAY INC., AND SC AUTOSPORTS, LLC | § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MASSIMO MOTOR SPORTS, LLC ("Massimo" or "Plaintiff"), by and through its attorneys, files this Original Complaint against DEFENDANTS SHANDONG ODES INDUSTRY CO., LTD. ("Shandong"), ODES USA INC. ("Odes USA"), LIL PICK UP, INC. ("Lil Pick Up"), SMG DISTRIBUTION & ASSOCIATES INC. ("SMG"), 14078 MERIDIAN PARKWAY INC. ("Meridian"), and SC AUTOSPORTS, LLC ("SC Autosports") (collectively "Defendants") and alleges as follows:

## PARTIES

1.      Massimo is a limited liability company duly organized and existing under the laws of the State of Texas with its principal place of business at 3101 W Miller Road, Garland, Texas 75042.

2.      Shandong is a Chinese company with a place of business at No. 4-8 Warehouses, Bonded Logistics Center High New Technology Development Area, Zibo, Shandong, P.R. China, 255000.  Based on Renfeng Wang's sworn testimony in a bankruptcy adversary proceeding,[1] Renfeng Wang and his family members are the controlling shareholders of Shandong, with Renfeng Wang acting as Shandong's main employee in the United States. Shandong is also known as Shandong Liangzi Power Co. Ltd.[2]  According to Renfeng Wang's sworn testimony, Shandong maintains a U.S. place of business at 19745 Colima Rd #1-518 Rowland Heights, California 91748.[3]  Under the terms of the Exclusive Distribution Agreement ("EDA") Shandong entered into with Massimo, Renfeng Wang is listed as the agent for receiving service of process (with written verification of receipt returned to the sender).  Under the terms of the EDA, Shandong consents to service of process by confirmed facsimile transmission or commercial courier to the following:

> Shandong Odes Company Industry Co., Ltd.
> No. 4-8 Warehouses, Bonded Logistics Center
> High New Technology Development Area
> Zibo, Shandong, P.R. China, 255000
> renfengwang@lzmoto.com

3.      Odes USA is a corporation organized and existing under the laws of the State of California and having a place of business at 12523 Limonite Ave 440-261, Mira Loma, California 91752.  Renfeng Wang is the current registered agent of Odes USA and may be served at Odes USA's place of business.  Renfeng Wang is listed as Chief Executive Officer of Odes USA, and Tao Wang is listed as Secretary and Chief Financial Officer of Odes USA.

---

[1] Doc. No. 46, at ¶ 2, *Odes Industries, LLC v. SMG Global, Inc., et al.*, Adv. Pro. No. 20-04005-elm (Bankr. N.D. Tex. Aug. 3, 2020).
[2] *Id*. at ¶ 1.
[3] Doc. No. 48-19, at pp. 1–2, *Odes Industries, LLC v. SMG Global, Inc., et al.*, Adv. Pro. No. 20-04005-elm (Bankr. N.D. Tex. Aug. 3, 2020).

Based on Renfeng Wang's sworn testimony in a bankruptcy adversary proceeding, Tao Wang is Renfeng Wang's wife.[4]

4.      Lil Pick Up is a corporation organized and existing under the laws of the State of California and having a place of business at 19745 Colima Rd., #1-518 Rowland Heights, California 91748.  Tao Wang is the current registered agent of Lil Pick Up and may be served at Lil Pick Up's place of business.  Tao Wang is listed as Director of Lil Pick Up.  On information and belief, Renfeng Wang formed Lil Pick Up in October 2010 and served as Lil Pick Up's Director and service agent until May 2021, when Tao Wang (Renfeng's wife) assumed these roles.

5.      SMG is a corporation organized and existing under the laws of the State of California and having a place of business at 19745 Colima Rd., #1-518 Rowland Heights, California 91748.  Guiying Wang is the current registered agent of SMG and may be served at 2580 S 30th St, Lafayette, IN 47909.  On information and belief, Renfeng Wang formed SMG in December 2018 and serves as SMG's President.

6.      Meridian is a corporation organized and existing under the laws of the State of California and having a place of business at 14078 Meridian Parkway Inc., Riverside, California 92508.  Renfeng Wang is the current registered agent of Meridian and may be served at 12523 Limonite Ave Suite 440-360 Mira Loma, California 91752.  On information and belief, Renfeng Wang serves as Meridian's chief executive officer.

7.      SC Autosports is a limited liability company organized and existing under the laws of the State of Texas and having a place of business at 8050 Forest Lane, Dallas, Texas

---

[4] Doc. No. 46, at ¶ 19, *Odes Industries, LLC v. SMG Global, Inc., et al.*, Adv. Pro. No. 20-04005-elm (Bankr. N.D. Tex. Aug. 3, 2020).

75243.  Johnny Tai is the current registered agent of SC Autosports and may be served at 6822

Providence Road, Colleyville, Texas 76034.

## JURISDICTION AND VENUE

8.     The allegations contained in paragraphs 1 through 7 above are incorporated by

reference as if fully set forth herein.

9.     This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C.

1121 and 28 U.S.C. 1331, 1338 because (i) claims herein arise out of federal trademark laws as

codified in 15 U.S.C. 1114 and 1125; and the unfair business practices claim herein is brought

with and is substantially related to the claims based on federal trademark laws.  This Court also

has supplemental jurisdiction over Massimo's claims arising under common law or state law

pursuant to 28 U.S.C. 1367(a) because the claims are so related to Massimo's federal law claims

that they form part of the same case or controversy and derive from a common nucleus of

operative facts.

10.     This Court has personal jurisdiction over Shandong because, inter alia, Shandong

has established minimum contacts in this judicial district by entering into an Exclusive

Distribution Agreement ("EDA") in which Shandong submitted itself to the jurisdiction of the

Northern District of Texas.  Further, Shandong has established minimum contacts by selling and

distributing products that infringe Massimo's trademarks into the stream of commerce in this

judicial district.

11.     This Court has personal jurisdiction over Odes USA because, inter alia, Odes

USA has established minimum contacts in this judicial district by acting and receiving payment

from Massimo under the EDA in which Shandong submitted itself to the exclusive jurisdiction

of the Northern District of Texas and the state courts of Texas.  Further, Odes USA has

established minimum contacts by advertising that it will sell products that infringe Massimo's trademarks to customers located in this judicial district.

12.     This Court has personal jurisdiction over Lil Pick Up because, on information and belief, Lil Pick Up has established minimum contacts in this judicial district by selling and/or distributing products that infringe Massimo's trademarks into the stream of commerce in this judicial district.

13.     This Court has personal jurisdiction over SMG because, on information and belief, SMG has established minimum contacts in this judicial district by selling and/or distributing products that infringe Massimo's trademarks into the stream of commerce in this judicial district.  Further, this Court has personal jurisdiction over SMG because SMG has availed itself by notifying customers that it maintains a place of business in Garland, Texas.

14.     This Court has personal jurisdiction over Meridian because, on information and belief, Meridian has established minimum contacts in this judicial district by selling and/or distributing products that infringe Massimo's trademarks into the stream of commerce in this judicial district.

15.     Renfeng Wang and his family own and operate a tangled web of entities in the United States, which include Odes USA, Lil Pick Up, SMG, and Meridian ("Wang-US entities"), to channel products manufactured by Shandong, including the infringing products, from China into the United States.  Renfeng Wang and his family intentionally established one or more distribution channels into the United States, including Texas.  Renfeng Wang and his family intentionally placed the infringing products into the stream of commerce.  Renfeng Wang and his family intentionally could have reasonably foreseen that the infringing products would be sold in the United States, including Texas, through SC Autosports located in this district.

16.     In addition, and/or in the alternative, Shandong and the Wang-US entities have acted together as a joint enterprise to distribute the infringing products in the United States, including Texas.  On information and belief, Shandong controls, dictates, or encourages the activities of the Wang-US entities that infringe Massimo's trademarks, which activities are more specifically described herein.

17.     This Court has personal jurisdiction over SC Autosports because, inter alia, SC Autosports resides and conducts business activities in this judicial district.  In addition to residing in Texas and this judicial district, this Court also has personal jurisdiction over SC Autosports because, inter alia, SC Autosports has purposefully availed itself of the rights and benefits of Texas law by engaging in systematic and continuous contacts with the state of Texas, including this judicial district. On information and belief, SC Autosports regularly and continuously transacts business within Texas and within this judicial district by selling products that infringe Massimo's trademarks.

18.     This Court is the proper venue for Shandong because Shandong entered into the EDA with Massimo in which Shandong submitted itself to the exclusive jurisdiction of either an appropriate Texas State Court or the United States District Court for the Northern District of Texas and waived its right to venue in another forum.  Further, this Court is the proper venue for Shandong because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.  Further, this Court is the proper venue for Shandong as Shandong is a foreign entity and can be sued in any judicial district.

19.     This Court is the proper venue for Odes USA because Odes USA submitted itself to the exclusive jurisdiction of the Northern District of Texas and waived its right to venue in another forum by acting on behalf of Shangdong and receiving payment under the EDA. Further, this Court is the proper venue for Odes USA because Odes USA is a party to a

substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

20.     This Court is the proper venue for Lil Pick Up because Lil Pick Up is a party to a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.  Lil Pick Up is selling and/or distributing products that infringe Massimo's trademarks into the stream of commerce in this judicial district.

21.     This Court is the proper venue for Meridian because Meridian is a party to a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.  Meridian is selling and/or distributing products that infringe Massimo's trademarks into the stream of commerce in this judicial district.

22.     This Court is the proper venue for SC Autosports because SC Autosports resides in this judicial district.  SC Autosports has a regular and established place of business in Dallas County, Texas, which is within this judicial district.  SC Autosports regularly and continuously transacts business within this judicial district, including selling products that infringe Massimo's trademarks.

## **FACTUAL ALLEGATIONS**

### **Massimo Trademarks and Products**

23.     The allegations contained in paragraphs 1 through 22 above are incorporated by reference as if fully set forth herein

24.     Massimo is the exclusive owner of federally registered and common law trademarks.  For example, Massimo owns the following United States Trademark Registrations:

| Mark | Registration No. and Registration Date |
|---|---|
| ODES UTVS | 4,167,344 (07/03/2012) |

| Mark | Registration No. and Registration Date |
|------|----------------------------------------|
| ODES | 5,391,373 (01/30/2018) |
| ODES INDUSTRIES | 5,493,864 (06/12/2018) |
| VI-LOCK | 5,183,399 (04/11/2017) |
| *Vi-LOCK* | 5,183,400 (04/11/2017) |
| DOMINATOR X | 5,199,643 (05/09/2017) |
| RAVAGER | 5,493,676 (06/12/2018) |
| ZEUS TOUCH | 5,439,000 (04/03/2018) |

25.     True and correct copies of the trademark registrations and the recorded assignments for the above-listed trademarks are attached hereto as Exhibit A.  Hereinafter, Massimo may use "the Odes Marks," "the Vi-Lock Marks," "the Dominator Mark," "the Ravager Mark," and the "Zeus Mark" to refer to Massimo's federally registered and common law trademarks.

26.     Massimo's Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks appear clearly on Massimo Products, as well as the packaging and marketing materials related to such products.

27.     The Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, as well as the goodwill arising from such trademarks, have never been abandoned.  Massimo continues to preserve and maintain its rights with respect to the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.

28.     Massimo is a distributor of utility terrain vehicles (UTVs) and all-terrain vehicles (ATVs).  Since 2009, Massimo has provided consumers with a diverse and expansive line of products.  Massimo has invested considerable time and resources to position itself as a leading

manufacturer and distributor of UTVs and ATVs.  One of Massimo's well-known products is its ODES UTVs and ATVs.  Massimo also supplies suspension systems under its well-known Vi-Lock brand.  Two of Massimo's well-known classes of power vehicles are the Dominator and Ravager, which are marketed under the Odes brand.  Another of Massimo's more well-known products is its Warrior UTV, which is supplied by Shandong.

29.     Through the extensive use of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, Massimo has spent substantial time, money, and effort developing consumer recognition and awareness of its brand.  Massimo markets its products nationwide to consumers, including through its website, and sells its products through its authorized network.  Massimo has developed significant consumer goodwill in its entire product line.

### Massimo-Shandong-Odes USA Agreement

30.     On or about October 25, 2019, Massimo entered into the EDA with Shandong to distribute 800cc-1000cc UTV/ATVs and air-conditioned UTVs within the United States.  The EDA was for a minimum two-year term and included an optional renewal for two years upon mutual agreement between Massimo and Shandong.

31.     Before the EDA, Shandong used Odes Industries, LLC ("Odes Industries") as its U.S. distributor for its UTV and ATV products.  Odes Industries was a Texas limited liability company that engaged in the distribution of power vehicles.  When Odes Industries and Shandong were conducting business, Odes Industries filed several trademark applications for Odes-related goods and services that eventually registered on the United States Patent and Trademark Principal Register.

32.     On or about August 31, 2019, Odes Industries filed for bankruptcy.  Odes Industries listed its intellectual property portfolio as an asset on its bankruptcy schedule.[5]  The intellectual property portfolio included the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks and the goodwill arising from such trademarks.  Additionally, the intellectual property portfolio included patents covering the designs of various features of power vehicles (U.S. D788,653; U.S. D682,750; U.S. D691,924; U.S. D709,015).

33.     On or about January 2, 2020, Massimo submitted a $500,000 bid for substantially all of Odes Industries' assets, which included Odes Industries' intellectual property portfolio. On or about January 16, 2020, Renfeng Wang submitted three claims to the bankruptcy court on behalf of his companies (Shandong, Lil Pick Up, and All Terrain Innovation, LLC), showing that Renfeng Wang and his associated companies all had knowledge of the bankruptcy and the bid for the assets by Massimo.  On or about February 12, 2020, Odes Industries filed a motion to sell its assets to Massimo for $500,000 and served the motion on all creditors of the estate, which provided Renfeng Wang (and each of his entities) with notice that Massimo was seeking to acquire the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.  On or about March 9, 2020, the bankruptcy court authorized the sale of Odes Industries' assets to Massimo.  In its March 9, 2020, order approving the sale, the bankruptcy court issued findings of fact and conclusions of law finding that:[6]

- All interested persons and entities were afforded a reasonable opportunity to object or be heard on the sale of assets to Massimo;

- Odes Industries aggressively marketed the assets and did not receive any competing bids;

---

[5] Doc. No. 21, at p. 9, *In re Odes Indus., LLC*, No. 19-43582-elm (Bankr. N.D. Tex. Sep. 20, 2019).
[6] *See* Exhibit A, at pp. 50–51.

- The consideration Massimo paid ($500,000) was adequate and fair value for the assets;

- The sale of the assets was negotiated and entered into in good faith and from arm's length positions;

- Massimo was a good faith purchaser under section 363(m) of the Bankruptcy Code; and

- Massimo took the purchased assets free and clear of all liens, interests, claims and encumbrances.

34.     On or about December 1, 2020, Massimo recorded the assignments for the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks with the USPTO.[7]  At no time during the bankruptcy proceeding did any of Renfeng Wang's companies object to the sale of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks to Massimo.  Renfeng Wang and his Companies never provided either actual or constructive notice of any claim of ownership of any of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks to Massimo before the closing of the sale of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks to Massimo by Odes Industries.

## Unauthorized Sales of ODES Products

35.     In or around January of 2021, Massimo initiated discussions with Shandong about renewing the EDA for an additional two years.  However, Shandong refused to renew the EDA and subsequently indicated that it would use SC Autosports as its distributor of the 800cc-1000cc UTV/ATVs and air-conditioned UTVs under the ODES brand.  Massimo reminded Shandong that Massimo owned all trademark rights in the ODES brand in the United States and

---

[7] *See* Exhibit A, at p. 40.

that Shandong, and any other distributor, would need a license from Massimo to sell products under the ODES brand.

36.    In or around June of 2021, Shandong notified Massimo that it intended to utilize its subsidiary Odes USA to perform under the EDA by instructing Massimo to direct all payments for inventory under the EDA to Odes USA instead of Shandong.  Shandong informed Massimo at the time that Odes USA is a subsidiary of Shandong.

37.    In or around July of 2021, Massimo discovered that Turbo Powersports, LLC ("Turbo Powersports") was selling 800cc-1000cc UTV/ATVs and air-conditioned UTVs products under the ODES brand without Massimo's authorization.  Below is a screenshot from Turbo Powersports' webpage advertising the infringing ODES products.  Massimo notified Turbo Powersports that it was not authorized to sell ODES products and demanded that it stop the infringing sales.  Massimo requested that Turbo Powersports identify the source of the infringing products.  Turbo Powersports identified Defendant SC Autosports as the source.



38.     As evident from the screenshot from Turbo Powersports' webpage, the listed products are covered by Massimo's EDA with Shandong (800cc-1000cc UTV/ATVs and air-conditioned UTVs).

39.     Previously, SC Autosports and Massimo had been business partners for years, with SC Autosports acting as a distributor for some of Massimo's power vehicles.  In fact, SC Autosports leased office space in the same building as Massimo, which helped form a close business relationship between the two companies.  In 2020, after Massimo had entered into the EDA, SC Autosports became a sales agent for Massimo's Odes products.  However, the business relationship between SC Autosports and Massimo began to deteriorate, and in April of 2021 SC Autosports moved out of the space it had been occupying along side Massimo.

40.     Even though SC Autosports knew that Massimo owned the rights to the Odes, Vi-Lock, Dominator, Ravager, and Zeus brands and had the exclusive rights to sell 800cc-1000cc UTV/ATVs and air-conditioned UTVs products, on information and belief, SC Autosports proceeded to acquire the infringing products from Shandong, Odes USA, Meridian, and/or Lil Pick Up without Massimo's authorization and then sold the products to Turbo Powersports. Based on Renfeng Wang's sworn testimony in a bankruptcy adversary proceeding, Lil Pick Up had sold goods to Odes Industries, LLC (Shandong's previous Texas distributor).  On information and belief, at least Lil Pick Up is selling ODES-branded goods to SC Autosports. Further, Renfeng Wang represented to Massimo's CEO, David Shan, that Odes USA would serve as the primary distributor of 800cc-1000cc UTV/ATVs under the Odes brand once the EDA expires on October 25, 2021.

41.     On information and belief, at least as early as October 2020, Shandong launched an ODES website (odesindustry.com) that was and is currently marketing power vehicles under the ODES brand.  On information and belief, Shandong operates the odesindustry.com website. The ODES website uses marks that are identical to Massimo's registered Odes Marks to advertise counterfeit products.  Shandong has registered this domain name with the bad faith intent to profit from it, evidenced at least by Renfeng Wang's refusal to honor and recognize Massimo's Odes and Vi-Lock Marks.

42.     On information and belief, Renfeng Wang either has already begun or will use the ODES website to sell 800cc-1000cc UTV/ATVs products under Odes and Vi-Lock brands through Odes USA once the EDA expires.  As illustrated below, the Odes website uses the odesindustry.com domain name to market ODES and Vi-Lock branded products for sale. Additionally, the Odes website is marketing Massimo's Vi-Lock and Zeus Marks as if Shandong owns them.





43.     As illustrated above in the Odes website, the products marketed and sold by Odes USA and/or Shandong bear counterfeit and confusingly similar imitations of the Odes, Vi-Lock, and Zeus Marks in a manner likely to be confused with genuine Odes, Vi-Lock, and Zeus products.

44.     On information and belief, at least as early as January 2021, Shandong, Meridian, Odes USA, and/or SMG launched a website (OFFROADMALL.COM) that was and is currently marketing and selling power vehicles and parts under the Odes, Vi-Lock, and Zeus brands.  The Off Road website uses marks identical to Massimo's registered Odes, Vi-Lock, and Zeus Marks to advertise counterfeit products.  Shandong, Meridian, Odes USA, and/or SMG has registered this domain name with the bad faith intent to profit from it, which is evidenced at least by Renfeng Wang's refusal to honor and recognize Massimo's Odes, Vi-Lock, and Zeus Marks. SMG is listed as the point of contact concerning the Terms of Service of the Off Road website. As seen below, the Off Road website notifies consumers that it has a place of business in

Garland, Texas.  Further, the Off Road website notifies consumers (see red box) that it sells

powersport products in Dallas, Texas.



45.    The Off Road website lists Offroad Mall Inc. as the company in charge of the

website.  However, Offroad Mall Inc. does not appear to be registered under the laws of any

state in the United States.  Meridian is listed as the owner of the property located at 14078

Meridian Parkway Inc., Riverside, California 92508, which is the same business address as Odes

USA.  On information and belief, the Off Road website conducts business out of the 14078

Meridian Parkway location that Meridian owns.  According to publicly available filings with the

State of California, Renfeng Wang is the chief executive officer and registered agent of

Meridian.

46.     On information and belief, Renfeng Wang has been using the Off Road website

to sell 800cc-1000cc UTV/ATVs and other UTV/ATVs products under Odes, Vi-Lock, and

Zeus brands through at least Odes USA, Meridian, and/or SMG, which is a violation of the

EDA.  As illustrated below, the Off Road website is currently marketing ODES branded

products for sale.  Additionally, the Off Road website is marketing Massimo's Vi-Lock,

Dominator, Ravager, and Zeus Marks as if Shandong owns them.





47.    Defendants' use of words symbols, images, designs, and names confusingly similar or identical to the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks is likely to confuse consumers and aid in the promotion and sales of the counterfeit Odes products.

48.     Defendants' counterfeit sales outlined above are likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that Massimo authorizes these products.  Purchasers and prospective purchasers using or simply viewing Defendants' counterfeit products and who perceive a defect, lack of quality, or any other irregularity are likely to mistakenly attribute the issue to Massimo, to the detriment of Massimo's business and the Odes, Vi-Lock, Dominator, Ravager, and Zeus brands.

49.     The likelihood of confusion, mistake, and deception brought about by Defendants' misappropriation of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks is causing irreparable harm to the goodwill symbolized by the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks and the reputation for quality that the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks embody.

50.     Defendants' unauthorized use of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks began after Massimo legally established the existence and significant value of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.  Defendants' injection of the counterfeit goods into the marketplace reflects adversely on Massimo, results in economic loss to Massimo including loss of sales of genuine Odes, Vi-Lock, Dominator, Ravager, and Zeus products, damages the goodwill of the Odes, Vi-Lock, Dominator, Ravager, and Zeus brands, and thwarts Massimo's earnest efforts and considerable expenditures to promote its authentic Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.

### COUNT I: Trademark Infringement (Counterfeit Goods)—15 U.S.C. 1114

51.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 50 as if each such allegation was set forth herein in its entirety.

52.     Shandong's, actions to sell and distribute counterfeit products, which use spurious designations that are identical to, or substantially similar to, the Odes, Vi-Lock,

Dominator, Ravager, and Zeus Marks, to SC Autosports and/or Turbo Powersports under the Odes, Vi-Lock, Dominator, Ravager, and Zeus designations are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that these products are genuine or authorized Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

53.     Odes USA's actions to sell and distribute counterfeit products, which use spurious designations that are identical to, or substantially similar from, the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, to SC Autosports, Turbo Powersports, and/or directly to consumers under the Odes, Vi-Lock, Dominator, Ravager, and Zeus designations are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that these products are genuine or authorized Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

54.     Lil Pick Up's actions to sell and distribute counterfeit products, which use spurious designations that are identical to, or substantially similar from, the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, to SC Autosports, Turbo Powersports, and/or directly to consumers under the Odes, Vi-Lock, Dominator, Ravager, and Zeus designations are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that these products are genuine or authorized Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

55.     Meridian's actions to sell and distribute counterfeit products, which use spurious designations that are identical to, or substantially similar from, the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, to SC Autosports, Turbo Powersports, and/or directly to consumers under the Odes, Vi-Lock, Dominator, Ravager, and Zeus designations are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers,

the public, and the trade into believing that these products are genuine or authorized Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

56.     SC Auto's actions to purchase, sell, and distribute products that use the Odes, Vi-Lock, Dominator, Ravager, and Zeus designations are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that these products are genuine or authorized O Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

57.      The foregoing acts of Defendants constitute direct, contributory, and/or vicarious trademark infringement in violation of 15 U.S.C. 1114.

58.     Massimo has been damaged as a result of Defendants' infringement of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.  Massimo alleges, on information and belief, that Defendants' sale and distribution of Odes, Vi-Lock, Dominator, Ravager, and Zeus products have resulted in lost sales to Massimo, have reduced the business and profits of Massimo, and have injured the general reputation of Massimo, all to Massimo's damage in an amount not yet ascertainable, but will be determined during this action.

59.     Massimo alleges, on information and belief, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforementioned acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

60.     On information and belief, Defendants acted intentionally and/or willfully in infringing the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks through sale and distribution of Odes, Vi-Lock, Dominator, Ravager, and Zeus products because Defendants knew that Massimo never authorized the sale and distribution of the Odes, Vi-Lock, and Zeus products.

61.     On information and belief, Defendants acted intentionally and/or willfully in infringing the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks through sale and distribution of Odes, Vi-Lock, Dominator, Ravager, and Zeus products because Defendants knew that the sale and distribution of the Odes, Vi-Lock, Dominator, Ravager, and Zeus products were in fact infringing the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.

62.     Defendants' spurious designation of their products also constitutes the use by Defendants of at least one "counterfeit mark" as defined in 15 USC 1116(d)(1)(B).  Therefore, Massimo is entitled to recovery of treble damages and to an award of reasonable attorneys' fees under 15 USC 1117(a) and (b).

63.     The acts of direct, contributory, and/or vicarious infringement committed by Defendants have caused, and will continue to cause, Massimo irreparable harm and damage to the goodwill it has developed unless they are enjoined by this Court.  On information and belief, Defendants' actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of Defendants and/or the counterfeit goods.

## <u>COUNT II: False Designation of Origin—15 U.S.C. 1125(a)</u>

64.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 63 as if each such allegation was set forth herein in its entirety.

65.     Defendants' unauthorized use of the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks, brand names, and the other distinctive words, symbols, slogans, color schemes, images, and designs through which Defendants present their Odes, Vi-Lock, Dominator, Ravager, and Zeus products to the market constitutes a wrongful and false representation to the consuming public that the Odes, Vi-Lock, Dominator, Ravager, and Zeus products sold by Defendants originated from Massimo or somehow are authorized by or affiliated with Massimo.

66.     Defendants' actions as described herein constitute a violation of 15 U.S.C. 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Massimo and/or as to the origin, sponsorship, and/or approval of the Odes, Vi-Lock, Dominator, Ravager, and Zeus products by Massimo.  These acts amount to false designations of origin.

67.     Massimo has been damaged as a result of Defendants' actions described herein. Massimo alleges, on information and belief, that Defendants' sale of the Odes, Vi-Lock, Dominator, Ravager, and Zeus products has resulted in lost sales to Massimo, have reduced the business and profits of Massimo, and have injured the general reputation of Massimo, all to Massimo's damage in an amount not yet ascertainable, which leaves Massimo with no adequate remedy at law that necessitates this Court to enjoin Defendants' actions.

68.     Massimo alleges, on information and belief, that Defendants, individually and collectively, have derived, received, and will continue to derive and receive from the aforementioned acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

69.     On information and belief, Defendants acted intentionally and/or willfully in infringing the Odes Marks through sale and distribution of Odes, Vi-Lock, Dominator, Ravager, and Zeus products because Defendants knew that Massimo never authorized the sale and distribution of the Odes, Vi-Lock, Dominator, Ravager, and Zeus products.

70.     On information and belief, Defendants acted intentionally and/or willfully in infringing the Odes Marks through sale and distribution of Odes, Vi-Lock, Dominator, Ravager, and Zeus products because Defendants knew that the sale and distribution of the Odes, Vi-Lock, Dominator, Ravager, and Zeus products were in fact infringing the Odes, Vi-Lock, Dominator, Ravager, and Zeus Marks.

71.     Defendants' acts of violating 15 U.S.C. 1125(a), directly and/or in a contributory or vicarious manner, have caused, and will continue to cause, Massimo irreparable harm and damage to the goodwill it has developed unless they are enjoined by this Court.

## COUNT III: Common Law Trademark Infringement

72.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 71 as if each such allegation was set forth herein in its entirety.

73.     In violation of the common law of the State of Texas, Defendants' acts described herein constitute trademark infringement, false designation of origin, and false or misleading descriptions likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of Defendants with Massimo and as to the origin, sponsorship, or approval of Defendants' unauthorized products by Massimo.

74.     Massimo has been damaged by Defendants' acts of common law trademark infringement.

75.     Defendants' actions described herein have caused, and will continue to cause, Massimo to suffer irreparable harm and damage to the goodwill it has developed unless enjoined by this Court.  Massimo has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT IV: Common Law Unfair Competition

76.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 75 as if each such allegation was set forth herein in its entirety.

77.     Defendants' acts described herein constitute unfair competition in violation of the common law of the State of Texas.  Defendants' acts described herein are likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of Defendants with

Massimo and as to the origin, sponsorship, or approval of Defendants' unauthorized products by Massimo.

78.     Massimo has been damaged by Defendants' acts of common law unfair competition.

79.     Defendants' actions described herein have caused, and will continue to cause, Massimo to suffer irreparable harm and damage to the goodwill it has developed unless enjoined by this Court.  Massimo has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT V: Cybersquatting—15 U.S.C. 1125(d)

80.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 79 as if each such allegation was set forth herein in its entirety.

81.     Shandong, Meridian, Odes USA, and/or SMG as registrant and user of the domain name ODESINDUSTRY.COM has violated 15 U.S.C. 1125(d) in that Shandong, Meridian, Odes USA, and/or SMG has demonstrated a bad faith intent to profit from Massimo's Odes Marks and has registered and used a domain name that is identical or confusingly similar to Massimo's Odes Marks.

82.     Shandong's, Meridian's, Odes USA's, and/or SMG's bad faith cybersquatting entitles Massimo to recovery of damages from Shandong, Meridian, Odes USA, and/or SMG pursuant to 15 U.S.C. 1117 that include treble damages sustained by Massimo, Shandong's profits and the costs of the action, together with Massimo's reasonable attorneys' fees.

## COUNT VI: Breach of Contract

83.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 82 as if each such allegation was set forth herein in its entirety.

84.     Massimo entered into a contract (EDA) with Shandong for the exclusive distribution of 800cc-1000cc UTV/ATVs and air-conditioned UTVs products.  Odes USA accepted payment from Massimo under the EDA.  Massimo has satisfied all conditions precedent that are material to the EDA.

85.     Shandong breached the EDA by selling 800cc-1000cc UTV/ATV and air-conditioned UTV products to parties other than Massimo in violation of the exclusivity requirement of the EDA.  Specifically, as described herein, Shandong (through Odes USA, SMG, Meridian, and/or Lil Pick Up) sold 800cc-1000cc UTV/ATVs and air-conditioned UTVs under the ODES brand to parties other than Massimo.

86.     Massimo is entitled to recover its reasonable attorneys' fees and costs incurred in pursuing its breach of contract claim pursuant to Texas Civil Practice and Remedies Code 38.001, et. seq.

### COUNT VII: Tortious Interference with Contractual Relations

87.     Massimo realleges and incorporates by reference each and every allegation in paragraphs 1 through 86 as if each such allegation was set forth herein in its entirety.

88.     Massimo had a valid contract (EDA) with Shandong.

89.     SC Autosports willfully and intentionally interfered with the contract by purchasing ODES products from Shandong (through Odes USA, SMG, Meridian, and/or Lil Pick Up) because SC Autosports knew about the EDA that gave Massimo the exclusive right to purchase and sell 800cc-1000cc UTV/ATVs and air-conditioned UTVs products in the US. Additionally, SC Autosports knew that Massimo owned the intellectual property rights to the ODES brand that covers goods and services related to UTVs and ATVs.

90.     SC Auto's interference was the proximate cause of damages to Massimo. Massimo suffered damages at least in the amount of the lost profits from the products that SC Autosports purchased from Shandong.  Massimo is further damaged for the loss of business reputation.

91.     Pursuant to Texas Civil Practice and Remedies Code 41.001, et. seq., Massimo is entitled to collect exemplary damages based on SC Auto's conduct in the amount of three times actual damages.  Massimo is further entitled to collect pre- and post-judgment interest and court costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Massimo prays that the Court:

(a)     Issue a judgment that Defendants have infringed Massimo's Odes Marks;

(b)     Award Defendants' profits and Massimo's damages for trademark infringement under 15 U.S.C. 1114;

(c)     Award Defendants' profits and Massimo's damages for false designation of origin under 15 U.S.C. 1125(a);

(d)     Award Defendants' profits, Massimo's damages, and Massimo its reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. 1117(a) for violating 15 U.S.C. 1125(d);

(e)     Enjoin Defendants from using or selling products under the Odes Marks;

(f)     Award Massimo its reasonable attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code 38.001, et. seq.;

(g)     Award Massimo exemplary damages based on SC Autosports' actions pursuant to Texas Civil Practice and Remedies Code 41.001, et. seq.; and

(h)     Grant Massimo any further relief that may be necessary to achieve justice.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Massimo requests a trial by jury and tenders the appropriate fee with this complaint.

Dated: September 13, 2021                    Respectfully submitted,


By:___*/s/Vincent J. Allen*_____
     **Vincent J. Allen**
     State Bar No. 24012209
     **J. Miguel Hernandez**
     Texas Bar No. 24116512
     **CARSTENS & CAHOON, L.L.P.**
     13760 Noel Road, Suite 900
     P.O. Box 802334
     Dallas, Texas  75240
     (972) 367-2001 (Telephone)
     (972) 367-2002 (Facsimile)
     allen@cclaw.com (Email)
     hernandez@cclaw.com (Email)

     **ATTORNEYS FOR PLAINTIFF**
     **MASSIMO MOTOR SPORTS, LLC**