UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MASSIMO MOTOR SPORTS LLC, § § *Plaintiff*, § § v. § § Civil Action No. 3:21-CV-02180-X § SHANDONG ODES INDUSTRY § CO.; ODES USA INC.; LIL PICK UP, § INC.; SMG DISTRIBUTION & § ASSOCIATES INC.; 14078 § MERIDIAN PARKWAY INC.; SC § AUTOSPORTS, LLC; ODES USA § Inc. (TX); and NATHAN D. THREET, § § *Defendants*. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's motion for a temporary restraining order and preliminary injunction against eight defendants—seven entity defendants and one individual defendant, Nathan Threet. [Doc. No. 27]. Threet was only recently served, and the parties have requested that he have until January 7, 2022 to respond. [Doc. No. 57.] The Court **GRANTS** that request. Once briefing is complete as to Threet, the Court will decide the plaintiff's motion as to Threet.

In contrast, all seven of the entity defendants have responded to the plaintiff's motion. Defendant SC Autosports responded for itself [Doc. No. 40], and the other six entity defendants—a.k.a. the ODES defendants—responded jointly.[1] [Doc. No.

---

[1] The ODES-related defendants are: Shandong Odes Industry Co.; Lil Pick Up, Inc.; SMG Distribution & Associates, Inc.; 14078 Meridian Parkway Inc.; and ODES USA Inc. (TX).

43]. The plaintiff filed a reply. [Doc. No. 55.] For the reasons stated below, the Court **DENIES** the plaintiff's motion for a temporary restraining order and preliminary injunction as to all seven entity defendants.

## I. Factual Background

At this early stage, it is unnecessary to state the tortured factual history of this dispute in any significant detail. In brief: The plaintiff, Massimo, sells utility-terrain vehicles and all-terrain vehicles. For almost two decades, Massimo has worked in at least some capacity with at least some of the entity defendants to design, manufacture, distribute, and sell these vehicles. In October 2019, ODES and Massimo entered into an agreement giving Massimo the exclusive right to sell certain ODES-branded products. By the terms of the agreement, ODES retained the intellectual property rights to the products that Massimo was allowed to (exclusively) sell.

In March 2020, Massimo purchased certain assets from the bankruptcy estate of one of ODES's distributors. In this case, Massimo argues that it purchased several ODES-related trademarks from that bankruptcy estate. ODES argues that Massimo is mistaken because the marks that Massimo thought that it had purchased from the distributor had actually been transferred to ODES years earlier, and that—regardless—Massimo knew from its agreement with ODES that all intellectual property was retained by ODES.

The ODES-Massimo relationship soured. In October 2021, the exclusive distributor agreement expired. But before it did, Massimo filed this suit on

September 13, 2021, alleging trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), common-law trademark infringement, common-law unfair competition, cybersquatting under 15 U.S.C. § 1125(d), breach of contract, and tortious interference with contract. [Doc. No. 1.]

Almost two months later, Massimo moved for a temporary restraining order and preliminary injunction against all defendants. [Doc. No. 27.] Massimo seeks an order granting myriad forms of relief, including preliminarily restraining the entity defendants from selling goods with the disputed marks, from using the disputed marks in any way, and from contacting Massimo's customers. [Doc. 28 at 29–30.]

## II.   Preliminary Injunction

An applicant seeking a preliminary injunction "must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the injunction will not disserve the public interest."[2] An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."[3] The applicant bears the burden of persuasion on all four elements, and failure on any one of them warrants denial.[4]

---

[2] *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012).

[3] *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

[4] *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009); *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, the Court finds that Massimo fails on at least the second element—irreparable harm. As to the entity defendants,[5] Massimo argues that it will suffer irreparable harm on its trademark infringement and trade secret misappropriation claims. Under the Lanham Act, 15 U.S.C. § 1116(a), a party alleging trademark infringement is entitled to a presumption of irreparable harm if it has shown a likelihood of success on the merits.[6] But even assuming[7] that Massimo can demonstrate a likelihood of success on the merits, the Court finds that the presumption of irreparable harm has been rebutted here because Massimo waited a significant amount of time before seeking emergency relief.

"[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction."[8] "Absent a good explanation, . . . a substantial period of delay . . . militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."[9] "Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm."[10]

---

[5] Remember, the Court is not in this Order addressing the allegations involving the individual defendant, Nathan Threet.

[6] *See Bisous Bisous LLC v. The Cle Grp., LLC*, No. 3:21-CV-1614-B, 2021 WL 3618042, at *12 (N.D. Tex. Aug. 16, 2021) (Boyle, J.). As Judge Boyle's *Bisous Bisous* opinion explains, the statutory presumption of irreparable harm is new as of 2020, and there is scarce caselaw applying the new standard.

[7] *Not* deciding.

[8] *Wireless Agents, L.L.C. v. T-Mobile, USA, Inc.*, No. 3:05-CV-0094-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) (Fitzwater, J.) (quoting *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995)).

[9] *Id.* (quoting *High Tech Med. Instrumentation, Inc.*, 49 F.3d at 1557).

[10] *Id.* (citing *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996)).

Here, Massimo alleges that it discovered the alleged trademark infringement in July 2021. Yet Massimo did not file its complaint until September 2021 and did not seek emergency relief until November 2021. Massimo attempts to excuse the four-month delay in seeking injunctive relief by arguing that circumstances changed between the filing of its initial complaint and its motion. [Doc. No. 55 at 11.] But half of Massimo's explanation applies to the individual defendant only and the other half appears to justify at most two-months' delay as to only one entity defendant, ODES USA. [*Id.*]

When an emergency exists, people act accordingly. Here, Massimo's delay in seeking emergency relief rebuts any presumption of irreparable harm[11] to which it may be entitled.[12] Massimo fails to establish at least one of the elements required for obtaining a preliminary injunction, and the Court **DENIES** the request for a preliminary injunction.[13]

---

[11] Aside from a presumption of irreparable harm, the Court notes that Massimo provided little to no evidence of actual or imminent irreparable harm. *Cf. Bisous Bisous LLC*, 2021 WL 3618042, at *12–13 (plaintiff demonstrated irreparable harm by submitting evidence of actual confusion by customers and misdirected online reviews of the companies). As Whataburger commercials say, if you're going to be late, bring breakfast tacos. Massimo was late, and without evidence of harm. *See ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 699 (N.D. Tex. 2015) (Fish, J.) (allowing for 8-month delay for plaintiff to investigate customer complaints and harm).

[12] Again, the Court does not decide that Massimo is necessarily entitled to the presumption of irreparable harm. The Court simply assumed without deciding that Massimo is likely to succeed on the merits, which would in turn entitle it to a rebuttable presumption of irreparable harm under the Lanham Act. But Massimo's conduct rebutted the presumption.

[13] *Accord Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (Lindsay, J.) (denying preliminary injunction in part because of 6-month delay in seeking emergency relief); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (vacating preliminary injunction because plaintiff failed to establish irreparable harm in trademark case when it waited 10 weeks to seek emergency relief).

### III.  Temporary Restraining Order

Because Massimo fails to meet the substantive requirements for obtaining a preliminary injunction as to the entity defendants, the Court also **DENIES** Massimo's motion for a temporary restraining order as to the entity defendants.[14]

### IV.  Conclusion

The Court **DENIES** the plaintiff's motion for a preliminary injunction and temporary restraining order as to the entity defendants.

**IT IS SO ORDERED** this 28th day of December, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] "[T]he plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO." *Liccardi v. Smith*, No. 3:21-CV-0314-E (BH), 2021 WL 5184092, at *2 (N.D. Tex. Oct. 19, 2021) (Ramirez, J.), *report and recommendation adopted sub nom. Liccardi v. Fed. Express Corp.*, No. 3:21-CV-00314-E, 2021 WL 5140900 (N.D. Tex. Nov. 4, 2021) (Brown, J.).