UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASSIMO MOTOR SPORTS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2180-X |
| | § | |
| SHANDONG ODES INDUSTRY | § | |
| CO., LTD., et al., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Massimo Motor Sports, LLC's motion to exclude Christopher Earle's expert testimony and motion to clarify/amend the Court's scheduling order and strike Christopher Earle's July 14, 2023 expert reports. (Docs. 148, 179). Having carefully considered the motions, the underlying facts, and the applicable caselaw, the Court **GRANTS IN PART** and **DENIES IN PART** Massimo's motion to exclude (Doc. 148) and **DENIES** the motion to clarify/amend the Court's scheduling order and strike Christopher Earle's July 14, 2023 expert reports (Doc. 179).

## I. Background

The motions at issue here concern expert reports from Christopher Earle, Defendants Lil Pick Up, Inc., Nathan D. Threet, Shandong Odes Industry Co., Ltd., 14078 Meridian Parkway, Inc., SMG Distribution & Associates, Inc., and Odes USA Inc. (Cal.)'s damages expert. On November 15, 2022, the parties exchanged their experts' opening reports regarding damages. On January 17, 2023, the parties

1

exchanged their rebuttal expert reports. On April 4, 2023, the defendants served Earle's first amended supplemental report, and on April 17, 2023, Massimo served its supplemental report and supplemental rebuttal report. (Earle's opening report on November 15, 2022, rebuttal report on January 17, 2023, and first amended supplemental report on April 4, 2023, will be collectively referred to as "Earle's Initial Reports"). The Court's scheduling orders required the parties to complete discovery by May 26, 2023 and file any *Daubert* motions by July 21, 2023.

Then things went sideways. On May 24, 2023 and May 26, 2023, the defendants produced to Massimo nearly 500 new documents containing financial data. Massimo deposed Earle on May 31, 2023. On July 14, 2023, defendants served Massimo with Earle's seconded amended report and a new rebuttal report ("Earle's July 2023 Reports"). Massimo did not have the opportunity to depose Earle on these new reports, and it believes they are untimely. But the defendants contend that the Court's scheduling order permitted exchanging reports until September 6, 2023.

On July 21, 2023, Massimo filed a motion to exclude, in Earle's Initial Reports, (1) Earle's affirmative testimony on Shandong's breach of contract counterclaim and (2) Earle's rebuttal testimony regarding the defendants' costs associated with selling vehicles that Massimo alleges infringe its trademarks. Massimo then filed a motion to strike Earle's July 2023 Reports contending that they are untimely and based on entirely new opinions and new documents. The motions are ripe for review.

2

## II. Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence.  Rule 702 permits opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact, and (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case."[1]  As a gatekeeper, this Court must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony.[2]  The party offering the expert testimony has the burden of proof, by a preponderance of evidence, to show that the testimony is reliable and relevant.[3]

Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue.[4]  Federal Rule of Evidence 401 further clarifies that relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without evidence" and "is of consequence in determining the action."[5]

---

[1] FED. R. EVID. 702.

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993); *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

[3] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

[4] *Daubert*, 509 U.S. at 591.

[5] *See Mathis*, 302 F.3d at 460 (applying Rule 401 to expert testimony).

Expert testimony is reliable if "the reasoning or methodology underlying the testimony is scientifically valid."[6]  Such testimony must be "more than subjective belief or unsupported speculation."[7]  In other words, this Court need not admit testimony "that is connected to existing data only by the *ipse dixit* of the expert."[8] The Court also does not need to admit testimony based on indisputably wrong facts.[9] In conducting its analysis, the Court focuses on the reasonableness of the expert's approach regarding the matter to which his testimony is relevant and not on the conclusions generated by the expert's methodology.[10]  The Court normally analyzes questions of reliability using the five nonexclusive factors known as the *Daubert* factors.[11]

## III. Analysis

The Court must first address the timeliness issue regarding Earle's July 2023 Reports.  Unfortunately, the Court's prior amended scheduling order placed the parties in a quagmire—expert disclosures were due by September 6, 2023, well after the deadline for motions to strike (July 21, 2023) and the close of discovery (May 26, 2023).  The Court finds in fairness it must allow Massimo the opportunity to redepose

---

[6] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (citing *Daubert*, 509 U.S. at 592–93).

[7] *Daubert*, 509 U.S. at 590.

[8] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[9] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

[10] *Daubert*, 509 U.S. at 595; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153–54 (1999).

[11] The five nonexclusive *Daubert* factors are: (1) whether the expert's technique can be or has been tested; (2) whether the method has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the theory or technique has been generally accepted in the scientific community.  *Daubert*, 509 U.S. at 593–94.

Earle on Earle's July 2023 Reports.  Massimo may then file any motion to strike or exclude after it has had the opportunity to depose Earle, and Massimo's own expert may serve a rebuttal report to Earle's second amended report.    Thus, the Court **DENIES** motion to clarify/amend the Court's scheduling order and strike Christopher Earle's July 14, 2023 expert reports.  (Doc. 179).

Turning to Massimo's motion to exclude, the parties agree that Earle's July 2023 Reports materially altered his Initial Reports.  In fact, the defendants contend that these new reports moot a lot of the issues raised in Massimo's motion to exclude because Earle's July 2023 Reports address errors raised in Massimo's motion and are based on new information and documents.  Massimo's motion to exclude first addresses Earle's affirmative testimony on Shandong's breach of contract counterclaim.  Specifically, Massimo argues that the Court should exclude (1) Earle's relief from royalty opinion because it is irrelevant and unreliable, and (2) Earle's unjust enrichment calculation because is not available for breach of contract.  Then, Massimo's motion seeks to exclude Earle's rebuttal testimony as to the defendants' costs associated with selling products that Massimo alleges infringed its trademarks.

First, regarding Earle's relief from royalty calculation, the parties agree that Earle's July 2023 Reports substantially altered his relief from royalty opinion in the Initial Reports.  In light of this, the Court concludes that Earle's relief from royalty opinion in his Initial Reports is superseded, not supplemented, by his relief from royalty opinions in Earle's July 2023 Reports.  Therefore, the Court finds Massimo's motion to exclude Earle's relief from royalty opinion as moot.  As discussed above,

Massimo may redepose Earle on Earle's July 2023 Reports and subsequently file a motion to strike or exclude, if it chooses to do so.

Second, Earle's report analyzes the defendants' damages for their breach-of-contract counterclaim using an unjust enrichment calculation—Massimo's estimated profits from sales that allegedly occurred because of Massimo's improper use of the defendants' confidential information.  The issue is whether Texas law permits this disgorgement remedy for breach-of-contract claims as restitution damages even though it prohibits unjust enrichment claims when an express contract covers the parties' dispute.  The Fifth Circuit held that the Supreme Court of Texas would reject a disgorgement remedy for a breach-of-contract claim.[12]  It explained that the universal rule for measuring breach-of-contract damages is compensation for the claimant's actual losses.[13]  Conversely, disgorgement looks to divest the wrongdoer of its ill-gotten gains, not to compensate the victim.[14]  Thus, disgorgement is not a viable remedy for the defendants' breach-of-contract counterclaim here.  The Court therefore **GRANTS IN PART** Massimo's motion to exclude Earle's expert testimony as it pertains to his unjust enrichment methodology for the defendants' breach-of-contract counterclaim.  (Doc. 148).

Finally, regarding Earle's rebuttal testimony as to the defendants' costs associated with selling products that Massimo alleges infringed its trademarks, the

---

[12] *Hoffman v. L & M Arts*, 838 F.3d 568, 585 (5th Cir. 2016).

[13] *Id.*

[14] *Id.*

6

defendants respond that Earle's July 2023 Reports supplement and correct the issues Massimo raises here because the new reports are based on cost data for all 20 of the accused products, not the partial data Massimo seeks to exclude. Massimo also agrees that Earle's July 2023 Reports addressing this issue are based on new information. As with the reasonable royalty opinion, the Court finds Massimo's motion to exclude Earle's testimony as to the defendants' costs associated with selling products that Massimo alleges infringed its trademarks as moot based on his opinions in Earle's July 2023 Reports. As discussed above, Massimo may redepose Earle on Earle's July 2023 Reports and subsequently file a motion to strike or exclude, if it chooses to do so.

## IV. Conclusion

The Court **DENIES** Massimo's motion to clarify/amend the Court's scheduling order and strike Christopher Earle's July 14, 2023 expert reports. (Doc. 179). Additionally, the Court **GRANTS IN PART** Massimo's motion to exclude Earle's unjust enrichment methodology for the defendants' breach-of-contract counterclaim and otherwise **DENIES** the motion. (Doc. 148). Massimo may redepose Earle on Earle's July 2023 Reports and may subsequently file a motion to strike or exclude.[15]

**IT IS SO ORDERED** this 6th day of February, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[15] The deadlines for these depositions and motions are set forth in the Court's order resolving the defendants' motion to strike and exclude certain expert opinions of Bryan Van Uden.