UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MASSIMO MOTOR SPORTS, LLC, § § *Plaintiff*, § § v. § § SHANDONG ODES INDUSTRY § CO., LTD., et al., § § *Defendants*. § § | Civil Action No. 3:21-CV-2180-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Lil Pick Up, Inc., Nathan D. Threet, Shandong Odes Industry Co., Ltd. ("Shandong"), 14078 Meridian Parkway, Inc. ("Meridian"), SMG Distribution & Associates, Inc. ("SMG"), Odes USA Inc. (TX),[1] and Odes USA Inc. (Cal.)'s ("Odes Cal.")'s motion to strike and exclude certain expert opinions of Bryan M. Van Uden. (Doc. 150). Having carefully considered the motion, the underlying facts, and the applicable caselaw, the Court **DENIES** the motion. (Doc. 150).

### I. Background

Plaintiff Massimo Motor Sports, LLC ("Massimo") was a distributor of certain ATVs and UTVs in the United States for Shandong. Shandong is a manufacturer, and Lil Pick Up, Meridian, SMG, and Odes Cal. work in various capacities to facilitate the sales and distribution and these products. Threet was the Chief Operating Officer

---

[1] The Court's prior order denying summary judgment dismissed Defendant Odes USA Inc. (TX) from this action.

1

for Massimo and later became a consultant for Odes Cal. After the relationship between Massimo and Shandong dissolved, Massimo filed suit for trademark infringement, breach of contract, trade secret misappropriation, unfair competition, cybersquatting, tortious interference, false designation of origin, breach of the implied covenant of good faith and fair dealing, breach of the duty of loyalty, and unjust enrichment.

Massimo's expert, Bryan Van Uden, served reports calculating Massimo's damages. The defendants moved to strike and exclude some of Uden's opinions, including: (1) all damage opinions relating to Massimo's trademark infringement, false designation of origin, and unfair competition claims, (2) all damage opinions relating to Massimo's breach-of-contract claim against Threet, (3) any damage opinion relating to Massimo's claims for trade secret misappropriation and cybersquatting, (4) any damage opinion assessing damages against SMG or Meridian, and (5) any damage opinion relating to trademark infringement, false designation of origin, or unfair competition calculated against Threet. The motion is ripe for this Court's review.

## II. Legal Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony as evidence. Rule 702 permits opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact, and (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert

has reliably applied the principles and methods to the facts of the case."[2] As a gatekeeper, this Court must permit only reliable and relevant testimony from qualified witnesses to be admitted as expert testimony.[3] The party offering the expert testimony has the burden of proof, by a preponderance of evidence, to show that the testimony is reliable and relevant.[4]

Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue.[5] Federal Rule of Evidence 401 further clarifies that relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without evidence" and "is of consequence in determining the action."[6]

Expert testimony is reliable if "the reasoning or methodology underlying the testimony is scientifically valid."[7] Such testimony must be "more than subjective belief or unsupported speculation."[8] In other words, this Court need not admit testimony "that is connected to existing data only by the *ipse dixit* of the expert."[9] The Court also does not need to admit testimony based on indisputably wrong facts.[10]

---

[2] FED. R. EVID. 702.

[3] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

[4] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

[5] *Daubert*, 509 U.S. at 591.

[6] *See Mathis*, 302 F.3d at 460 (applying Rule 401 to expert testimony).

[7] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (citing *Daubert*, 509 U.S. at 592–93).

[8] *Daubert*, 509 U.S. at 590.

[9] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

[10] *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

In conducting its analysis, the Court focuses on the reasonableness of the expert's approach regarding the matter to which his testimony is relevant and not on the conclusions generated by the expert's methodology.[11]  The Court normally analyzes questions of reliability using the five nonexclusive factors known as the *Daubert* factors.[12]

### III. Analysis

The motion to exclude Van Uden's opinions raises three issues: (1) whether Van Uden must have calculated damages for trademark infringement using separate calculations for each individual trademark, (2) whether the lost profits arising from Threet's alleged breach must account for other variables that could underlie the lost sales, and (3) whether the Court should prohibit Van Uden from providing damages opinions for certain causes of action that the defendants believe he has not already provided.  The Court will consider each question in turn.

First, the defendants contend that Van Uden's opinions related to Massimo's trademark infringement claims are based on unsound methodology because he failed to break down his calculations separately by each of Massimo's alleged trademarks. But the defendants failed to cite any caselaw where a court excluded a damages expert's report for that reason.  Here, Massimo's trademark infringement claim alleges that the defendants infringed upon eight of its trademarks.  Van Uden's

---

[11] *Daubert*, 509 U.S. at 595; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153–54 (1999).

[12] The five nonexclusive *Daubert* factors are: (1) whether the expert's technique can be or has been tested; (2) whether the method has been subjected to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593–94.

damages calculation for trademark infringement aggregates the defendants' infringing sales for all eight of Massimo's alleged trademarks. The defendants loosely contend that this methodology is unreliable because Massimo will need to prove likelihood of confusion for each trademark independently for liability purposes. Even if that were true, it does not establish that an aggregate damages calculation is inherently unreliable. And the Court finds no support for the defendants' argument. Therefore, the Court **DENIES** the defendants' motion to exclude Van Uden's opinion regarding the damages calculation that is based on aggregating all of the defendants' alleged infringing sales.

Second, the defendants contend that Van Uden's opinions relating to lost profits arising out of Threet's breach of contract and the defendants' tortious interference are unreliable because they fail to rule out alternative causes of the lost profits. But ruling out potential alternative variables is not an admissibility issue, and many cases in this district have rejected this argument.[13] Therefore, the Court **DENIES** the defendants' motion as it pertains to Van Uden's Threet-related lost profits calculations.

Finally, the defendants essentially want the Court to instruct Massimo that it

---

[13] *Leonardo Worldwide Corp. v. Pegasus Solutions, Inc.*, No. 3:14-CV-02660-N, 2016 WL 9282409, at *3 (N.D. Tex. Jul. 28, 2016) (Godbey, J.) (allowing testimony over a challenge that a lost profits analysis failed to exclude or put a value on potential alternative causes); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 792 (N.D. Tex. 2013) (Fitzwater, J.) (finding that whether damages calculations adequately account for other variables that may have caused a change in sales volume goes to the weight of an expert's testimony, not its admissibility); *Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, No. 3:16-CV-1217-B, 2018 WL 3520840, at *4 (N.D. Tex. July 3, 2018) (Kaplan, Special Master), report and recommendation adopted in part, No. 3:16-CV-1217-B, 2018 WL 3496422 (N.D. Tex. July 20, 2018) (Boyle, J.) (same).

cannot apply Van Uden's damages opinions to certain defendants that Massimo did not bring particular claims against.  For instance, the defendants ask the Court to exclude any Van Uden opinions in support of Massimo's trade secret misappropriation claims against Lil Pick Up or Meridian because Massimo's second amended complaint now excludes Lil Pick Up and Meridian as defendants to those claims.  But they do not contend that such a Van Uden opinion currently exists.  Thus, the Court declines to make that kind of instruction at this juncture.  And the Court also declines to prevent Van Uden from offering any damage testimony or evidence against SMG or Meridian, because the defendants have not adequately proven that he failed to offer opinions against these defendants.  Therefore, the Court **DENIES** the defendants' motion to exclude opinions that Van Uden has not made and potential damage opinions against SMG and Meridian.

## IV. Conclusion

Accordingly, the Court **DENIES** the defendants' motion to strike and exclude certain expert opinions of Bryan M. Van Uden.  (Doc. 150).  Considering the timing issues with the Court's prior scheduling order and that the defendants were able to serve a second amended expert report, the Court will also allow Massimo to serve an amended report, if it chooses to do so.

The schedule is as follows: (1) Massimo's amended expert report, if desired, shall be served to the defendants no later than April 12, 2024, (2)  Massimo's rebuttal report to Christopher Earle's July 2023 second amended report and the defendant's rebuttal report to any amended report from Van Uden shall be served no later than

6

May 17, 2024, (3) any depositions of Van Uden or Earle shall be completed by May 31, 2024, and (4) any motions to strike or exclude Van Uden or Earle shall be filed no later than June 14, 2024.

**IT IS SO ORDERED** this 6th day of February, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE