UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MASSIMO MOTOR SPORTS, LLC, § § § *Plaintiff*, § § v. § § SHANDONG ODES INDUSTRY § CO., LTD., et al., § § *Defendants*. § § | Civil Action No. 3:21-CV-2180-X |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Renfeng Wang's motion to dismiss. (Doc. 243). Having considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court **DENIES** the motion.

## **I. Background**

The dispute here concerns personal jurisdiction, pleading standards, and the corporate-veil-piercing doctrine. After Plaintiff Massimo Motor Sports, LLC sued Defendant Nathan D. Threet and Defendants Lil Pick Up, Inc., Odes USA Inc. (TX),[1] Shandong Odes Industry Co., Ltd., 14078 Meridian Parkway, Inc., SMG Distribution & Associates, Inc., Odes USA Inc. (Cal.) (collectively the "Entity Defendants"), it amended its complaint to add Wang, the alleged CEO and President of the Entity Defendants, as a defendant and veil piercing as a remedy.

Massimo alleges that the Entity Defendants are used as sham companies and

---

[1] Defendant Odes USA Inc. (TX) is no longer a party to this action.

1

alter egos to serve Wang's personal interests. Wang filed this motion to dismiss contending that the fiduciary shield doctrine prevents this Court from exercising personal jurisdiction over him because he acted solely on behalf of the Entity Defendants. He also argues that Massimo fails to state a claim against him. The motion is ripe for this Court's consideration.

## II. Legal Standards

### A. Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. Generally, the Fifth Circuit employs a three-step personal-jurisdiction analysis to determine if there is specific jurisdiction:

> Where the plaintiff alleges specific jurisdiction, as here, due process requires (1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable.[2]

But as an alternative to that traditional minimum contacts analysis, personal jurisdiction may be established over an individual or corporation through a piercing-the-corporate-veil or alter-ego theory.[3] Under that theory, a corporation and its individual alter ego are the same entity—the jurisdictional contacts of the one are the jurisdictional contacts of the other.[4]

---

[2] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

[3] *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002).

[4] *Id.*

2

The plaintiff bears the burden of establishing a prima facie case for the court's personal jurisdiction over a non-resident defendant.[5] The Court "must accept as true that party's uncontroverted allegations and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation."[6]

## B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[7] The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[8] For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[9] A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[10] For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.[11] "In other words, a motion to dismiss an action for failure to state a

---

[5] *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).

[6] *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

[7] Fed. R. Civ. P. 8(a)(2).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*

[10] *Id.*

[11] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[12]

## III. Analysis

### A. Rule 12(b)(2)

The Court concludes that, accepting as true all uncontroverted allegations and resolving in its favor all conflicts between the facts, Massimo has established a prima facie case for this Court's personal jurisdiction over Wang under the alter-ego theory.

Generally, an individual transacting business within a state solely as a corporate officer does not create personal jurisdiction over the individual even though the state has personal jurisdiction over the corporation.[13] This is the fiduciary shield doctrine.[14] But when the corporation acts as the individual's alter ego, courts may impute the corporation's contacts with the forum state to the individual for jurisdictional purposes.[15]

Here, Massimo alleges that the Court has personal jurisdiction over Wang because he has conducted business in this district through the Entity Defendants.[16] The Court has personal jurisdiction over the Entity Defendants because they regularly transacted business in this judicial district related to this lawsuit including entering into contracts and advertising, selling, and distributing products.[17] And no

---

[12] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

[13] *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

[14] *Id.*

[15] *Id.*

[16] Doc. 184 at 7–8.

[17] *Id.* at 5–10.

4

party disputes the Court's personal jurisdiction over the Entity Defendants. The question is whether Massimo has sufficiently alleged that the Entity Defendants are Wang's alter ego for this Court to exercise personal jurisdiction over Wang.

Courts are to examine the totality of circumstances in determining whether a corporation is an alter ego of an individual.[18] "[T]he alter ego test for attribution of contacts, i.e., personal jurisdiction, is less stringent than that for liability."[19] The Fifth Circuit identified a "laundry list" of factors that courts should apply when making an alter ego determination, including:

> (1) whether the individuals completely control the corporation; (2) the level of financial integration between the individuals and the corporation; (3) whether the corporation operates with grossly inadequate capital; (4) whether the individuals use the corporation's property as their own personal property; (5) whether the individuals use the corporation to pay personal obligations; and (6) whether the individuals act as if the corporation is an extension of their own personal interests.[20]

Massimo presents prima facie evidence that the Entity Defendants are an alter ego of Wang. First, Massimo alleges—supported by Wang's deposition testimony—that Wang has final decision-making authority over each of the Entity Defendants.[21] Wang also has an ownership interest in each of the Entity Defendants and provided the initial capital for them.[22] Massimo further explains that Wang personally owns

---

[18] *Century Hotels v. United States*, 952 F.2d 107, 110 (5th Cir. 1992).

[19] *Stuart*, 772 F.2d at 1198 n. 12.

[20] *Breckenridge Enterprises, Inc. v. Avio Alternatives, LLC*, No. 3:08-CV-1782-M, 2009 WL 1469808, at *5 (N.D. Tex. May 27, 2009) (Lynn, J.) (citing *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691–92 (5th Cir. 1985)).

[21] Doc 184 at 37; Doc. 258 at 25–26, 32–33, 38–39, 43–44.

[22] Doc. 184 at 36–39; Doc. 258 at 11, 26–27, 33–34, 39, 43–44.

some of the property that the Entity Defendants use to conduct business like websites that are used to sell products related to the claims in this case.[23] And Wang is the only person with access to some of the Entity Defendants' bank accounts.[24]

In addition, Massimo alleges that the Entity Defendants operate with inadequate capital because they do not make money and could not pay adverse judgments or a liability that exceeds their assets.[25] And many of the Entity Defendants do not observe basic corporate formalities, like keeping minutes or holding meetings, but they employ the same employees, including the same bookkeeper.[26] Finally, Massimo explains that, since the issues between Massimo and the Entity Defendants arose, Wang has personally disrupted Massimo's business operations at Massimo's Texas business locale numerous times, including one instance that resulted in Massimo's employees having to lock the doors.[27]

All of these allegations and evidence support finding that the Entity Defendants are an alter ego of Wang at the personal jurisdiction stage. Taking Massimo's allegations as true, Wang owns and has sole decision-making authority over the Entity Defendants. He also finances them, employs the same people to keep the books for all of the entities, controls the bank accounts, and uses his personal property to help run the businesses. That set-up goes beyond the normal degree of

---

[23] Doc. 184 at 38; Doc. 258 at 22.

[24] Doc. 184 at 37; Doc. 258 at 34, 44.

[25] Doc. 258 at 27, 32, 34, 39, 44.

[26] Doc. 184 at 38; Doc. 258 at 23–24, 26–27, 32, 34, 39, 44.

[27] Doc. 184 at 35.

control exercised by a corporate officer.[28]  Therefore, the Court finds that it has personal jurisdiction over Wang.

### B. Rule 12(b)(6)

Wang also moves to dismiss Massimo's veil-piercing remedy against him under Rule 12(b)(6).  Wang contends that Massimo's corporate-veil-piercing allegations require the 9(b) heightened pleading standard, which Massimo does not satisfy. Under Texas's choice-of-law rules, whether an individual may be held liable pursuant to a veil-piercing theory depends on the law of the state in which the entity is organized.[29]  Here, the Entity Defendants are organized in California.[30]  In California, veil-piercing is not a substantive cause of action; rather, it is purely remedial and serves to expand the scope of potential sources of relief.[31]  And importantly, under California law, piercing the corporate veil does not require the plaintiff to satisfy the Federal Rule of Civil Procedure 9(b)'s heightened pleading standard.[32]

Massimo asserts three theories to pierce the corporate veil: (1) alter ego, (2) sham to perpetrate a fraud, and (3) single business enterprise.[33]  And it has sufficiently pled its theories to pierce the corporate veil under Federal Rule of Civil

---

[28] *Alpine View Co. Ltd.*, 205 F.3d at 219.

[29] *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 385 (W.D. Tex. 2023).

[30] Doc. 184 at 2–5.

[31] *See Bd. of Cement Masons S. California Health Welfare Fund v. Galvan & Brown Concrete Decking, Inc.*, No. CV 09-4215 CBM, 2009 WL 10675912, at *4–5 (C.D. Cal. Dec. 4, 2009).

[32] *Id.*

[33] Doc. 184 at 39.

Procedure 8(a). In California, a veil-piercing doctrine has two elements: (1) there is a unity of interest and ownership between the corporation and individual and (2) failure to disregard the corporation would result in fraud or injustice.[34]

As detailed above, Massimo sufficiently pled that Wang is the alter ego of the Entity Defendants, and Massimo also pled that Wang misused the Entity Defendants to advance his own illegal interests to steal and profit from Massimo's trademarks and trade secrets.[35] For instance, it pled that as early as 2021, Wang knowingly advertised counterfeit products bearing Massimo's trademarks to deceive customers into thinking Wang and the Entity Defendants owned the trademarks, which it alleges also violated the exclusive distributor agreement between Massimo and Shandong.[36] It also alleged that Wang worked with Defendant Threet, a then-Massimo employee, to secretly steal Massimo's trade secrets and customers.[37]

These allegations suffice to defeat a motion to dismiss. Accordingly, the Court finds that Massimo sufficiently alleged its piercing-the-corporate-veil theories against Wang and the Entity Defendants.

## IV. Conclusion

For the reasons detailed above, the Court **DENIES** Wang's motion to dismiss. (Doc. 243).

---

[34] *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir. 1979).

[35] Doc. 184 at 39.

[36] *Id.* at 15–29, 36–39.

[37] *Id.* at 29–36.

**IT IS SO ORDERED** this 30th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE