UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASSIMO MOTOR SPORTS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:21-CV-2180-X |
| SHANDONG ODES INDUSTRY CO., LTD., et al., | § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Shandong Odes Industry Co., Ltd., Odes USA Inc. (Cal.), Lil Pick Up, Inc., SMG Distribution & Associates Inc., 14078 Meridian Parkway, Inc., and Nathan Threet's motion for leave to file certain documents under seal. (Doc. 241). Having considered the underlying facts, the parties' arguments, and the applicable caselaw, the Court **GRANTS** the motion.

### I. Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3]

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

1

That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may very well have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[4] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." But to seal documents on the judicial record involves a much more demanding standard.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] If the Court seals information, it must give sufficient reasons to allow for appellate review.[6] Finally, "[p]ublicly available information cannot be sealed."[7]

## II. Analysis

The defendants seek to seal certain portions of the appendix (Doc. 207) attached in support of their response to Plaintiff Massimo Motor Sports, LLC's motion for partial summary judgment. When the defendants filed their initial sealing motion, the Court denied it without prejudice for failing to meet the heightened

---

[4] *Id.* at 521.

[5] *Id.* (cleaned up).

[6] *Binh Hoa Le*, 990 F.3d at 419.

[7] *June Med. Servs.*, 22 F.4th at 520.

sealing standard.[8]  The Court provided the requirements for a sufficient sealing motion: to identify precisely what information (pages, lines, etc.) the party wants sealed; conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know; and explain why no other viable alternative to sealing exists.[9]  Further, the sealing motion must also include a declaration or oath of a person with personal knowledge.[10]  After the Court's direction, the defendants' second bite at the sealing apple hit the mark.

The defendants' amended sealing motion meets the heightened sealing standard.  In their second go-around, the defendants significantly reduced the number of documents they seek to seal and were precise about what they wanted to seal: App. 578–82, 586, 623, 625, 627, 629, 631, 633, 635, 637, 639, 641, 643, 645, and 647.[11]  Next, the defendants did their part to explain why the risk of disclosure outweighs the public's right to know because these excerpts disclose the defendants' confidential dealer pricing and CAD design drawings, which the defendants allege are their protectable trade secrets and would cause competitive harm to their businesses.[12]  The motion's facts were also verified in a declaration of a person with personal knowledge.[13]

---

[8] Doc. 238.

[9] *Id.*

[10] *Id.*

[11] Doc. 207 at 4–8, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38.

[12] Doc. 242 at 9–20.

[13] Doc. 241-1.

Massimo opposed the motion contending that the documents were either publicly available or would not cause competitive harm to the defendants.[14] But the defendants reply detailed how each of these documents are actually not in the public domain and access to them would competitively disadvantage the defendants' businesses.[15] The Court agrees with the defendants. As such, the Court **ORDERS** that Doc. 207 remain under seal. The Court further **ORDERS** the defendants to file a redacted version of Doc. 207 on the public record.

### III. Conclusion

Given that the Court finds that the defendants met the heightened sealing standard, the Court **GRANTS** the motion for leave to file certain documents under seal. (Doc. 241). Furthermore, the Court **ORDERS** the defendants to file a redacted version of Doc. 207 on the public record. And Doc. 207 shall remain under seal. The Court's instructions are the result of a page-by-page, line-by-line analysis. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[16]

**IT IS SO ORDERED** this 30th day of April, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[14] Doc. 249 at 4–7.

[15] Doc. 256 at 1–9.

[16] *June Med. Servs.*, 22 F.4th at 521.